UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JONATHON SHARKEY, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>SUSAN ANN HOLTSCLAW, )<br>PEGGY HOLTSCLAW, )<br>)<br>Defendants. ) | No. 1:05-cv-838-SEB-VSS |

**Entry Dismissing Action as Sanction and Directing Plaintiff to Show Cause**

**I.**

**A.**

This cause is before the court on its own motion following the pretrial conference which was to be conducted on October 13, 2005. An Entry pursuant to Rule 16(e) of the *Federal Rules of Civil Procedure* was issued based on that conference. The Entry just described was placed on the docket on October 14, 2005, and recites, in part, that (1) the defendants were present in person and the plaintiff did not appear, (2) the court had denied the plaintiff's request to participate in the conference by telephone, and had notified the parties that a failure to appear could result in the imposition of sanctions, (3) despite the foregoing, the plaintiff did not appear at the conference, (4) the plaintiff did, however, telephone the court, verified his identity as being the plaintiff, verified that he was aware of the conference, and stated that he did not attend the conference due to what he characterized as extenuating circumstances, (5) the court then reviewed the directions relating to the conference and upon finding that the plaintiff was not present ended the telephone conversation, (6) the foregoing circumstances may trigger the court's admonition concerning the possible imposition of sanctions, (7) the plaintiff's failure to appear at the conference made it impossible to proceed with the purposes for which the conference had been scheduled, and (8) defendant Susan Holtsclaw made an oral motion that the plaintiff be prohibited from filing further lawsuits in this court naming her as a defendant. As a result of the foregoing, the court stayed all proceedings in the case "until the court determines whether a further conference should be scheduled and/or what sanctions, if any, should be imposed based on the plaintiff's failure to appear at the conference."

**B.**

The plaintiff's filings in this action reveal that his view of reality and attendant behavior is nothing less than bizarre. Although the plaintiff is not constrained through the mere existence of this lawsuit to regulate his conduct in other respects, in having filed this case he became subject to the jurisdiction of the court in the development and resolution of his claims. The plaintiff has not met his responsibilities to the court and to the defendants in this case to proceed in a respectful fashion and through his obedience to orders issued–and then emphasized for his benefit–by the court. His filings in this and the 18 other lawsuits he has filed in this court in the past three years demonstrate an unabated pattern to use the court as an engine of oppression toward the defendants, and toward Susan Ann Holtsclaw in particular. His filings in this and in the other cases have consumed, and thereby have essentially wasted, countless hours of the court's staff. The plaintiff has shown every indication that he is willing and that he expects to litigate on his terms only. This is not the prerogative of the plaintiff in this case, nor of any other litigant.

Rule 16(f) of the *Federal Rules of Civil Procedure* provides:

(f) Sanctions. If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or his own initiative, may make such orders with regard thereto as are just and among others any of the orders provided in Rule 37(b)(2)(B),(C),(D).

Rule 16 merely makes explicit this court's discretionary power to control the expeditious disposition of docketed cases; this power has long been recognized by appellate courts. *See, e.g., Link v. Wabash R. Co.,* 370 U.S. 626, 629-30 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

A case may also be dismissed under Rule 41(b) of the *Federal Rules of Civil Procedure* for failure to follow an order of the court. *See Maynard v. Nygren,* 332 F.3d 462, 467 (7th Cir. 2003). Such a sanction, however, is "very harsh" and should be used "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Williams v. Chicago Board of Education,* 155 F.3d 853, 857 (7th Cir. 1998) (per curiam) (citation and internal quotations omitted). A court must not only provide an explicit warning before such a dismissal, *see Ball v. City of Chicago,* 2 F.3d 752, 760 (7th Cir. 1993), but must also adequately consider whether dismissal is the appropriate sanction under the circumstances. *See Long v. Steepro,* 213 F.3d 983, 988 (7th Cir. 2000) ("[I]n choosing sanctions available to them under the Federal Rules, [district courts] must consider the circumstances of the individual case and, absent a showing of dilatory behavior, justify imposing the sanction of dismissal").

In this case, the plaintiff was notified of the pretrial conference. He was instructed to attend the pretrial conference. He was notified, as were the defendants, that

> any failure to appear at the pretrial conference may result in the imposition of sanctions. In the case of the plaintiff, because he has brought the action the sanctions may include dismissal of the action. The parties should conduct themselves consistent with the foregoing.

The issuance of the foregoing notice occurred after the court had denied the plaintiff's request to participate in the pretrial conference by telephone. The court had noted in its Entry of October 6, 2005, that:

> The dynamic nature of the litigation in this court from the plaintiff, including the manner in which one case in particular was terminated approximately one (1) year ago, persuades the court that its previous instruction that the parties were to appear at the conference either in person or by counsel, is the best course of action here. While not discounting the plaintiff's asserted interests in not attending the conference in person, the court finds no objective basis in those interests suggesting any risk of harm to the plaintiff if he attends the conference. Once the conference is in progress, moreover, no harm will come to those in attendance. The claims in this action require clarification which will best be achieved through the direct, personal presence of the parties (or their counsel, if represented), and the same is true concerning the need to establish a clear, realistic schedule for the further development of the action. The best path will be followed here, for the benefit of both the parties and the sound management of the court's docket.

Despite the foregoing, the plaintiff elected not to attend the pretrial conference. This was done knowing that he would face sanctions, including the possible dismissal of the action.

The Supreme Court has admonished that "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases." *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643 (1976). This is such a case, for the plaintiff has acted in bad faith, has oppressed the defendants through the filing of this suit and through his failure to appear at the pretrial conference, and a less severe sanction would not be effective here, which is evident from the plaintiff's prior litigation in this and other courts. The only sanction the court finds to be efficacious in the circumstances of this case is the extreme sanction of dismissal. In order to ensure swift and effective justice, orders of the court must be obeyed when issued, and sanctions for violating such orders must be imposed. Although this court is loathe to dismiss a case as a sanction for violating court orders, the facts of this case show without question that this is an appropriate one for such a sanction.

Judgment consistent with this Entry shall now issue. The stay issued in Part III of the Entry of October 14, 2005, has now expired by virtue of the dismissal of the action. The plaintiff's motion for sanctions filed on August 29, 2005, is **denied.**

## II.

The present action is by our count the 17th civil action plaintiff Sharkey has filed in this court within the past four (4) years. He has done so using various names.

Several of those actions have been dismissed as legally insufficient. Several others have been dismissed for failure to prosecute, while others have been dismissed at the plaintiff's request. The plaintiff has been admonished in this action and previously to refrain from the use of threatening and other inappropriate language in his filings. The one theme of these many lawsuits is the plaintiff's veritable crusade to induce Susan Holtsclaw, who is not related in any fashion to the plaintiff, to reform her behavior in a manner satisfactory to the plaintiff. What propels him to this goal is not evident. When other claims have been asserted, they are each derived in some fashion from the conflict between the plaintiff and Susan Holtsclaw. The plaintiff has been persistent in this crusade, in a manner of speaking, but the more pertinent characterization of the effort is that the plaintiff has been abusive in his litigation.

The basis for the sanction imposed in this case illustrates the plaintiff's abusive litigation. Specifically, he filed and moved forward with the case, but when called upon to participate in the case, he failed to do so. It is self-evident that the plaintiff cannot "finish what he started" if he is unwilling to obey the court's orders in the case and travel to the forum he selected for the case. There is no reason to delay in recognizing the obvious: the plaintiff is abusing the defendants he sues in this court and is impeding the court's ability to manage its docket. This abuse need not and will not be tolerated.

The parade of dismissals and the imposition of sanctions in these actions have been ineffective in stemming the tide of the plaintiff's relentlessly frivolous, and now patently abusive litigation. In similar circumstances, the Court of Appeals has approved measures against litigants who file frivolous suits, holding that so long as such measures do not "bar the courthouse door" entirely, they do not impermissibly restrict litigants' access to the courts. *See In re Chapman,* 328 F.3d 903, 905-06 (7th Cir. 2003); *In re Davis,* 878 F.2d 211, 212 (7th Cir. 1989).

Based on the circumstances described above, therefore, and to protect the court from the continued barrage of frivolous filings, the plaintiff shall have **through December 22, 2005,** in which to **show cause** why his future filings in this court should not be restricted through the issuance of an injunction directing that any new action he tenders for filing in this court, except for matters pertaining to a criminal prosecution in which he is a defendant or an action for habeas corpus relief, be screened and approved by the court before they are forwarded to the clerk for filing, and if found to be frivolous, duplicative of other litigation or otherwise legally insufficient or abusive, that he be prohibited from proceeding with the tendered action. Defendant Susan Holtsclaw's motion that the plaintiff be prohibited from filing further lawsuits in this court naming her as a defendant is **granted** to the extent just described, meaning that the court has found a compelling basis for issuing such an injunction and the plaintiff has an opportunity to show cause why such an injunction should not be issued.

**IT IS SO ORDERED.**

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Date: 12/09/2005