## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JONATHON SHARKEY, | ) |
|                     Plaintiff, | ) |
|   vs. | )    No. 1:05-cv-838-SEB-VSS |
| SUSAN ANN HOLTSCLAW, | ) |
| PEGGY HOLTSCLAW, | ) |
|                     Defendants. | ) |

**Entry Discussing Motion to Reconsider and Response to Court's Entry**

**I.**

The plaintiff's motion to reconsider filed on December 23, 2005, was filed within ten working days from the entry of Judgment on the clerk's docket on December 9, 2005. In consequence, this post-judgment motion is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure,* because all motions that substantively challenge the judgment, filed within 10 business days of the entry of judgment will be treated as based on Rule 59, "no matter what nomenclature the movant employs." *Lac du Flambeau Band of Lake Superior Chippewa Indians v. Wisconsin,* 957 F.2d 515, 517 (7th Cir. 1992).

Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The plaintiff's post-judgment motion recites circumstances which he previously recited in various filings and does not excuse his failure to comply with the court's previous explicit orders concerning the development of the present lawsuit.

There was in this case no manifest error of law or fact. *See Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). The court did not misapprehend the circumstances surrounding the plaintiff's failure to appear at the pretrial conference of October 13, 2005, nor did it misapply the law to those circumstances in light of the underlying record and the applicable law. Accordingly, the motion to reconsider, treated as a motion to alter or amend judgment pursuant to Rule 59(e), is **denied.**

**II.**

In Part II of the Entry issued on December 9, 2005, the plaintiff was given a period of time in which to show cause why his future filings in this court should not be restricted through the issuance of an injunction directing that any new action he tenders for filing in this court, except for matters pertaining to a criminal prosecution in which he is a defendant or an action for habeas corpus relief, be screened and approved by the court before they are forwarded to the clerk for filing, and if found to be frivolous, duplicative of other litigation or otherwise legally insufficient or abusive, that he be prohibited from proceeding with the tendered action. The plaintiff has failed to make such a showing, and the court finds for the reasons explained in the Entry of December 9, 2005, that such an injunction should now issue. A separate Order specifying the prohibitions which are imposed is being issued concurrent with this Entry.

**IT IS SO ORDERED.**

Date: 01/03/2006

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Jonathon Sharkey
11358 Hooper Avenue #166
Toms River, NJ 08753-2882

Susan Ann Holtsclaw
4809 West McCray Street
Speedway, IN   46224

Peggy Holtsclaw
4809 West McCray Street
Speedway, IN   46224